# UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

NOT FOR PUBLICATION

## LETTER OPINION AND ORDER

May 22, 2007

David A. Venegas
31-30 84th Street
East Elmhurst, NY 11369
Plaintiff, pro se

    Re:    **David Venegas v. United States Postal Service**
            **Civil Action No.: 07-1270 (JLL)**

Dear Litigant:

    Plaintiff David A. Venegas ("Venegas" or "Plaintiff") seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. Based on his affidavit of indigence and further submissions made at the request of the Court, the Court (1) grants Plaintiff's application to proceed in forma pauperis, and (2) directs the Clerk of the Court to file the Complaint without pre-payment of the filing fees or security. 28 U.S.C. § 1915(a).

    Having reviewed the Complaint to identify cognizable claims as required under 28 U.S.C. § 1915(e)(2), the Court concludes that Plaintiff's complaint should be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and finds that Plaintiff should be afforded an opportunity to amend so as to cure this defect.

## DISCUSSION

    The Court now turns to the particulars of Plaintiff's Complaint. After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must

1

Dockets.Justia.com

then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id. A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

     Because Plaintiff is proceeding pro se, the Court construes his Complaint in the way most favorable to him. Carr v. Sharp, 454 F.2d 271, 272 (3d Cir. 1971). Plaintiff brings his Complaint pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") for employment discrimination. The Complaint itself is rather bare, however, Plaintiff has made numerous submissions to the Court setting forth certain "grievances." From these submissions, it appears that Plaintiff alleges that his employer, the United States Postal Service, discriminated against him on the basis of his race. The alleged discriminatory treatment included physical abuse from Plaintiff's supervisor and at least one incident of suspension. Plaintiff identifies his race as Hispanic.

     Prior to the institution of an action under Title VII, a plaintiff must timely file his claim with the Equal Employment Opportunity Commission ("EEOC") and receive a right to sue letter from the agency. 42 U.S.C. § 2000e-5. A timely charge of discrimination with the EEOC is not jurisdictional, but rather, is comparable to a statute of limitations. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Anjelino v. The New York Times Co., 200 F.3d 73, 87 (3d Cir. 1999). Accordingly, claims brought pursuant to Title VII can be dismissed for failure to exhaust such administrative remedies. Anjelino, 200 F.3d at 87-88; Knoll v. Springfield Township Sch. Dist., 699 F.2d 137, 145 (3d Cir. 1983), vacated on other grounds, 471 U.S. 288 (1985); Santiago v. City of Vineland, 107 F. Supp 2d 512, 528 (D.N.J. 2000).

     Here, Plaintiff states that he is "currently in a [sic] EEO process in regards to John Maricich" but fails to attach any documentation in support of this contention. ("GRIEVANT" December 11, 2006). It also appears that Plaintiff has been involved in the United States Postal Services' internal grievance procedures. The only document submitted at this point to the Court

which relates to a charge before the EEOC is a May 2, 2007 letter[1] from the United States Postal Service to Plaintiff which acknowledges "receipt of [Plaintiff's] request for pre-complaint counseling under the Equal Employment Opportunity process." If anything, this letter demonstrates that Plaintiff has not yet even filed a timely charge of discrimination with the EEOC, let alone received a right to sue letter as required for a Title VII claim. Accordingly, the Court determines that the Complaint fails to state a claim and shall be dismissed.

When dismissing a complaint for failure to state a claim, such dismissal shall be without prejudice unless a court is able to determine that amendment would be futile. Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must allow the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996). Pursuant to Title VII, in order for an EEOC charge to be timely filed, a plaintiff must have filed the charge within 180 days after the occurrence of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). At this procedural juncture, the Court is unable to determine whether any or all of Plaintiff's claims of discrimination will ultimately be time-barred by this provision, rendering amendment of the Complaint futile. Accordingly, the Court dismisses the Complaint without prejudice. Plaintiff may file an amended complaint with the Court curing the defects noted herein. Failure to do so will result in the Court deeming the Complaint withdrawn.

## CONCLUSION

For the reasons stated herein, it is on this 22nd day of May, 2007, hereby

**ORDERED** that, pursuant to 28 U.S.C. § 1915, Plaintiff's application to proceed in forma pauperis is GRANTED; and it is further

**ORDERED** that the Clerk of the Court shall file the Complaint without pre-payment of the filing fees or security; and it is further

**ORDERED** that Plaintiff's Complaint is DISMISSED without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

---

[1] Plaintiff submitted a copy of this letter to the Court on May 15, 2007.

**ORDERED** that Plaintiff is hereby granted leave to amend the Complaint on or before June 18, 2007 to cure the defects therein, including attachment of the required documents from the Equal Employment Opportunity Commission; and it is further

**ORDERED** that if Plaintiff fails to amend the Complaint within the time specified above, the Complaint will be deemed withdrawn.

          /s/ Jose L. Linares

DATED: May 22, 2007          United States District Judge